**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

December 6, 2023

<u>**VIA ECF AND COURTESY COPY VIA EMAIL**</u>

The Honorable John P. Cronan
United States District Judge
United States District Court
  Southern District of New York
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:   <u>*SVB Financial Group v. Federal Deposit Insurance Corporation*, United States District Court for the Southern District of New York, Case No. 23 Civ. 7218 (JPC)</u>

Dear Judge Cronan:

The Federal Deposit Insurance Corporation, in its corporate capacity ("<u>FDIC-C</u>"), writes pursuant to the Court's December 1, 2023 order inviting parties to submit letter briefing concerning the "significance of FDIC-C's October 20, 2023 letter with regard to the pending motion to withdraw the reference. Dkt. 1." Dkt. 29 at 2.[1]

The *ultimate* significance of the FDIC-C's October 20, 2023 letter (the "<u>Final Determination</u>") is that this action must be dismissed with respect to the FDIC-C because any action seeking judicial review of the FDIC-C's "determination of insurance coverage for any deposit" must proceed in the U.S. District Court for the Northern District of California under the review provisions of the Administrative Procedure Act (the "<u>APA</u>"). 12 U.S.C. § 1821(f)(3), (4). SVB Group disagrees with the application of section 1821(f) to this action—instead arguing that the action should be governed by 12 U.S.C. § 1823(c)(4)(G). Thus, the *immediate* significance of the Final Determination is that it further evinces a dispute between the parties under non-bankruptcy federal law such that withdrawal of the reference is mandatory under 28 U.S.C. § 157, pursuant to which Congress has directed that "district courts, rather than bankruptcy courts, hear disputes that involve 'consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.'" *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (quoting 28 U.S.C. § 157(d)).

---

[1] References to "Dkt." are to this Court's docket for 23 Civ. 7218; references to "AP Dkt." are to the adversary proceeding commenced by SVB Group in the Bankruptcy Court, Adv. Proc. No. 23-1137 (Bankr. S.D.N.Y.).

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

*Background*

SVB Group initially conceded that its claim for payment of its deposits was pursuant to section 1821(f) of title 12 ("Section 1821(f)"), which expressly governs actions "regarding any claim for *insurance coverage*", including "any determination of *insurance coverage* with respect to *any deposit*." 12 U.S.C. § 1821(f)(3)–(5) (emphases added).[2] For example, on June 26, 2023, SVB Group sent a demand letter to the FDIC-C seeking payment of it deposits, stating that the putative "obligation to pay the uninsured deposits of SVB is a legal obligation of the FDIC-C, through the Deposit Insurance Fund. Having invoked the systemic risk exception . . . the FDIC-C cannot now unilaterally condition or *limit the coverage* of its action." June 26 Letter from Debtor's counsel to FDIC-C ("June 26 Demand") (AP Dkt. 53-12) (emphasis added). Subsequently, SVB Group was even more explicit: in its proof of claim filed in the title 12 receivership for the failed bank, SVB Group stated that it "has demanded that the FDIC-C, *pursuant to its obligations under 12 U.S.C. §1821(f)* and the terms of its invocation of a systemic risk exception, pay to the Debtor the full amount of its uninsured deposits in the Deposit Accounts." Proof of Claim ¶ 20 (AP Dkt. 25-1) (emphasis added).

Notwithstanding the text of Section 1821(f), which provides that the FDIC-C's Final Determination regarding SVB Group's "claim for insurance coverage shall be a final agency action reviewable in accordance with chapter 7 of title 5 [*i.e.*, the APA] by the United States district court for the Federal judicial district where the principal place of business of the depository institution is located [*i.e.*, the Northern District of California]", SVB Group commenced this action in the Bankruptcy Court, seeking an order "requiring the FDIC-C immediately to pay to the Debtor the full amount of the Account Funds [$1,933,805,708.13], plus interest." Complaint (AP Dkt. 1) at 27. SVB Group further alleged that the "Debtor's claims against the FDIC-C for the payment of the Account Funds involve claims to monies in the Deposit Insurance Fund ('DIF') administered by the FDIC-C" and that "the FDIC-C[] is the entity responsible through the Deposit Insurance Fund for the payment of the Account Funds . . . ." *Id.* ¶¶ 11, 54.

The improper commencement of this action notwithstanding, the FDIC-C acknowledged the June 26 Demand on September 19, 2023, informing SVB Group that although "[t]here is no statutory time limit for the FDIC-C to decide [SVB Group's] claim under Section 1821(f)", the FDIC-C "is working to provide [SVB Group] a final determination regarding insurance coverage within 30 days of the date of this letter. 12 U.S.C. § 1821(f)(3)." Ex. A to Notice of Filing Letter to SVB Group (AP Dkt. 80-1). The FDIC-C further stated that any "request for judicial review of the FDIC-C's final determination must be made within 60 days of the issuance of the FDIC-C's final determination. 12 U.S.C. § 1821(f)(5)." *Id.*

As this Court observed, the FDIC-C did in fact issue its Final Determination on October 20, 2023. Under Section 1821(f)(5), therefore, SVB Group has until December 19, 2023, to

---

[2] *Cf. SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1351, 200 L.Ed.2d 695 (2018) ("the word 'any' ordinarily implies every member of a group . . ."); *Richardson v. Reno*, 162 F.3d 1338, 1357 (11th Cir. 1998) ("When Congress says 'any,' it means 'any' . . . ."), *vacated on other grounds*.

request "review" under the APA of the FDIC-C's "final determination . . . for any claim for insurance coverage" in the U.S. District Court for the Northern District of California.

### *SVB Group Changes Course and Argues Its Claim is Under 12 U.S.C. § 1823(c)(4)(G)*

After the FDIC-C moved to dismiss the adversary proceeding arguing, *inter alia*, that Section 1821(f) precludes the Bankruptcy Court's adjudication of this action, SVB Group began to argue that its claim for insurance coverage is not under Section 1821(f) and that its prior express references to Section 1821(f) were a "typographical error." Debtor's Opp. to Mot. to Dismiss Adv. Proc. (AP Dkt. 52) ¶ 36 n.5; *see also* Debtor's Mem. of Law in Further Support of Mot. for Preliminary Injunction (AP Dkt. 61) ¶ 14 (claiming that SVB Group had simply "mistakenly referenced" section 1821(f)). SVB Group thus switched gears, now arguing that its claim for insurance coverage is a distinct private right of action under a separate section of title 12—the systemic risk exception under section 1823(c)(4)(G).

Yet as the FDIC-C concluded in the Final Determination, SVB Group submitted an administrative claim under Section 1821(f), and, in any event, it cannot now separate itself from the substance of its claim in federal court. *See* Final Determination at 8–9; *see also* FDIC-C's Reply in Further Support of Mot. to Dismiss (AP Dkt. 74) ¶¶ 1, 9. Section 1821(f) governs claims for "insurance coverage" with respect to "any" deposits, which is precisely the sort of claim SVB Group is advancing here. And, SVB Group's claims against the FDIC-C continue to "involve claims to monies administered in the Deposit Insurance Fund" (Compl. (AP Dkt. 1) ¶ 11), which Congress established to be maintained and administered by the FDIC for the express purpose of "carry[ing] out [the FDIC's] insurance purposes[.]" 12 U.S.C. § 1821(a)(4).

Because Section 1821(f) applies to this action, any judicial review must await the FDIC-C's determination regarding coverage of SVB Group's claim, and then must be adjudicated in the U.S. District Court for the Northern District of California, where SVB' Groups principal place of business is located, subject to the judicial review provisions of the APA. *See* FDIC-C's Reply in Further Support of Mot. to Dismiss (AP Dkt. 74) ¶¶ 11. To be certain, the issuance of the Final Determination has satisfied the first requirement for judicial review.

### *Withdrawal of the Reference is Mandatory*

SVB Group cites *no* caselaw and *no* precedent for its argument that its claim against the FDIC-C for payments of its deposits may somehow sidestep Section 1821(f) and proceed under Section 1823(c)(4)(G). SVB Group's counsel conceded as much at the October 19 hearing:

> THE COURT: Doesn't that go to a novel question there as to the impact of invoking the systemic risk exception, which has really been examined very little?
>
> [COUNSEL]: Your Honor, *there is no authority, I'm not going to pretend otherwise, this has never been done before*….

Oct. 19, 2023 Hr'g Tr. 25:12-16 (emphasis added).

> [COUNSEL]: ….The real question is the one your Honor focused on, and I'm not going to pretend it's not, which is: Is the fact that this is the exercise of the systemic risk exception, *which has not been raised before in and of itself*, a ground to withdraw the reference on that?....

*Id.* at 29:16-20 (emphasis added).

Putting aside the FDIC-C's view that Section 1821(f) clearly applies and that Section 1823(c)(4)(G) does not provide for a private right of action, SVB Group's theory presents an entirely novel question of federal, non-bankruptcy law that must be adjudicated in this Court. Indeed, "[m]andatory withdrawal exists to assure that an Article III judge decides issues calling for more than routine application of federal laws outside of the Bankruptcy Code. . . . *Withdrawal is [] mandatory when complicated interpretive issues . . . of first impression, have been raised under non-Title 11 federal laws.*" *Picard v. Sage Realty*, 2021 WL 1987994, at *6 (S.D.N.Y. May 18, 2021) (internal quotation marks omitted) (emphasis added).

For these reasons, it is clear that withdrawal of the reference to the Bankruptcy Court is mandated. Thereafter, this Court may resolve the FDIC-C's pending motion to dismiss, in view of the FDIC-C's October 20, 2023 Final Determination, which, by act of Congress, may *only* be challenged under the APA in the U.S. District Court for the Northern District of California. 12 U.S.C. §§ 1821(f)(3), (4).

Respectfully submitted,

/s/ Benjamin I. Finestone

Benjamin I. Finestone
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, New York, 10010
Telephone: (212) 849-7341
benjaminfinestone@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

cc:   All counsel of record (via ECF)