

**Kurt F. Gwynne**
Direct Phone: +1 302 778 7550
Email: kgwynne@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

December 6, 2023

**By E-File and Courtesy Copy via e-mail
(CronanNYSDChambers@nysd.uscourts.gov)**

The Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

RE:   *In re SVB Financial Group v. Federal Deposit Insurance Corporation*, **United States District Court for the Southern District of New York, Case No. 1:23-cv-07218-JPC**

*Motion of the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, for an Order Withdrawing the Reference of Adversary Proceeding Pursuant to 28 U.S.C. § 157 and Federal Rule of Bankruptcy Procedure 5011 (Dkt. 1)*

Your Honor:

Our firm represents the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank ("FDIC-R1") in the above-referenced matter. By an *Order* dated December 1, 2023 [Dkt. 29], the Court recognized as follows:

> On November 6, 2023, Debtor filed a letter in its Chapter 11 bankruptcy proceeding, *In re SVB Fin. Grp.*, No. 23-10367 (Bankr. S.D.N.Y.), which included as an exhibit a letter from the Federal Deposit Insurance Corporation acting in its corporate capacity ("FDIC-C"), dated October 20, 2023. *Id.*, Dkt. 655, Exh. A. The letter states that "[SVB Group's] claim for deposit insurance or for any funds from FDIC-C based on an alleged guarantee under the systemic risk exception is denied because [SVB Group's] insured deposit is statutorily defined not to exceed $250,000, and FDIC-C has satisfied its obligation to provide deposit insurance by making that amount (and more) available to [SVB Group] in an account at the Silicon Valley Bridge Bank, N.A." *Id.* at 1. The letter further states that "[t]his denial is a final determination under 12 U.S.C. § 1821(f)." *Id.*

*Order* at 1-2. The Court authorized any party to "submit letter briefing regarding the significance of FDIC-C's October 20, 2023 letter with regard to the pending motion to withdraw the reference." *Id.* at 2. This constitutes FDIC-R1's letter briefing in response to the Court's *Order*.

At oral argument on FDIC-R1's *Motion for an Order Withdrawing the Reference of Adversary Proceeding Pursuant to 28 U.S.C. § 157 and Federal Rule of Bankruptcy Procedure 5011* [D.I. 1; Adv.



D.I. 30] (the "Motion"), FDIC-R1 submitted to the Court a chart identifying twenty three (23) issues under Title 12 of the U.S. Code ("Title 12")—some of which are matters of first impression—that a court must decide in order to resolve FDIC-R1's motion to dismiss the underlying adversary proceeding. *See* Tr. of Oct. 19, 2023 Hrg. at 9:1-18. *None* of those 23 issues involve or depend upon 12 U.S.C. § 1821(f), which applies only to FDIC-C (*i.e.*, the FDIC in its corporate capacity). As counsel for FDIC-C indicated during the October 19 hearing, the section 1821(f) issue is "independent[]" of, and in "addi[tion]" to, the 23 issues raised by FDIC-R1. *See* Tr. of Oct. 19, 2023 Hrg. at 16:16-23 & 18:15-20:8.

FDIC-C administers claims for *insured* deposits and any determinations of insurance coverage with respect to any deposit. *See* 12 U.S.C. § 1821(f)(2)-(3). However, FDIC-R1 administers claims against Silicon Valley Bank on account of *uninsured* deposits. *See, e.g.,* 12 U.S.C. § 1821(d)(3)(A) ("The *Corporation* may, *as receiver*, determine claims in accordance with the requirements of this subsection.") (emphasis added); § 1821(d)(5)(B) ("The *receiver* shall allow any claim . . . which is proved to the satisfaction of the receiver.") (emphasis added).

FDIC-C's disallowance of SVB Group's claim for insurance[1] has no effect on FDIC-R1's resolution of SVB Group's claim on account of *uninsured* deposits. *See* FDIC-C October 20, 2023 Letter [Bankr. No. 23-10367-mg; Dkt. 655] (stating that "[a]lthough this letter denies SVBFG's claim to FDIC-C under §1821(f), it does not resolve SVBFG's separate claims to FDIC-R1 . . . under §1821(d), which remain pending determinations by FDIC-R1" which has "exclusive authority" to resolve such claims).[2] *None* of the 23 issues identified by FDIC-R1 turns on the independent and additional issue of whether FDIC-C has allowed or disallowed all or any portion of SVB Group's insurance claim under section 1821(f).

The FDIC-C's October 20, 2023 letter, however, does further evidence *additional* important Title 12 issues that require withdrawal of the reference under 28 U.S.C. § 157(d). For example, any action seeking judicial review of the FDIC-C's "determination of insurance coverage for any deposit" must proceed in the United States District Court for the Northern District of California—not the Bankruptcy Court—under 12 U.S.C. § 1821(f)(3), (4). Moreover, SVB Group's recent attempt to shift reliance from section 1821(f) to section 1823(c)(4)(G) does not advance SVB Group's cause. That assertion simply adds another Title 12 issue—a matter of first impression—that requires withdrawal of the reference. Specifically, as SVB Group's counsel conceded at oral argument on the motions to withdrawal the reference, "there is no authority" to support SVB Group's reliance on section 1821(c)(4)(G), as it "has never been done before[.]" *See* Tr. of Oct. 19, 2023 Hrg. at 25:15-16. Such a matter of first impression mandates withdrawal of the reference. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2012 U.S. Dist. LEXIS 92230, *21 (S.D.N.Y. June 25, 2012) ("Since SIPA, rather than the Bankruptcy Code, governs this issue of first impression, the Court withdraws the reference to undertake the consideration of SIPA required.").

---

[1] FDIC-C's disallowance of SVB Group's claim for insurance on its deposits can be timely challenged in the United States District Court for the Northern District of California, *not* in the United States Bankruptcy Court for the Southern District of New York. *See* 12 U.S.C. § 1821(f)(4)-(5).

[2] The Debtor seeks to recover $1,933,555,708.13 in *uninsured* deposits. *See* Compl. ¶¶ 1 & 68.

For the foregoing reasons, FDIC-R1 respectfully submits that FDIC-C's resolution of SVB Group's insurance claim relating to SVB Group's deposits has no effect on any of the 23 issues under Title 12 that constitute the basis for mandatory (and permissive) withdrawal of the reference under 28 U.S.C. § 157(d).  But importantly, the effect of that resolution is to highlight additional issues that require withdrawal of the reference.

We are available at the Court's convenience to discuss the foregoing or to answer any other questions that the Court may have.

Dated:   December 6, 2023
         New York, New York

Respectfully submitted:

REED SMITH LLP

*Kurt F. Gwynne*
Kurt F. Gwynne, Esq.
Casey D. Laffey, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: kgwynne@reedsmith.com
E-mail: claffey@reedsmith.com

-and-

REED SMITH LLP

Derek J. Baker, Esq. (admitted *pro hac vice*)
1717 Arch Street
Three Logan Square, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-mail: dbaker@reedsmith.com

*Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank*