**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

January 18, 2024

**VIA ECF AND COURTESY COPY VIA EMAIL**

The Honorable John P. Cronan
United States District Judge
United States District Court
  Southern District of New York
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:   *SVB Financial Group v. Federal Deposit Insurance Corporation*, United States District Court for the Southern District of New York, Case No. 23 Civ. 7218 (JPC)

Dear Judge Cronan:

The Federal Deposit Insurance Corporation in its corporate capacity ("FDIC-C"), joined by the Federal Deposit Insurance Corporation in its capacity as receiver for Silicon Valley Bank ("FDIC-R1") and the Federal Deposit Insurance Corporation in its capacity as receiver for Silicon Valley Bridge Bank, N.A. ("FDIC-R2" and, together with FDIC-C and FDIC-R1, "Defendants"), write in response to the January 15, 2024 letter (Dkt. 41)[1] submitted by Plaintiff SVB Financial Group ("SVBFG"),[2] requesting that the Court "stay this action pending further proceedings in the Parallel Actions[.]"[3] Defendants oppose the requested stay.

No stay should be ordered because the Court lacks subject matter jurisdiction. Defendants have consistently asserted—to the Bankruptcy Court in their pending motions to dismiss[4] and to this Court in the motion to withdraw the reference[5] and in the December 18, 2023 joint letter[6]—that the federal courts sitting in the Southern District of New York lack subject matter jurisdiction over the claims asserted in the Complaint under 12 U.S.C. §§ 1821(d)(13)(D), (d)(6)(A), (f) and

---

[1]  References to "Dkt." are to this Court's docket for 23 Civ. 7218; references to "AP Dkt." are to the adversary proceeding commenced by SVBFG in the Bankruptcy Court, Adv. Proc. No. 23-1137 (Bankr. S.D.N.Y.).

[2]  Capitalized terms not defined herein have the meanings given to them in the Plaintiff's letter.

[3]  Dkt. 41 ("Jan. 15 Letter") at 3. Plaintiff also requested that the Court direct the parties to provide it with a status report on the Parallel Actions within 180 days of the entry of the stay. *Id.*

[4]  Each of the Defendants moved to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* AP Dkts. 25, 28, 32.

[5]  *See* FDIC-R1's Motion to Withdraw the Reference (Dkt. 1) and FDIC-R2's and FDIC-C's joinders thereto (Dkts. 3, 4).

[6]  *See* Joint Letter, Dkt. 36.

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

(j). Now again, Defendants respectfully reaffirm their position that this Court lacks the requisite subject matter jurisdiction. Indeed, Defendants' position now applies with greater force in view of Plaintiff's commencement of a substantially duplicative action against the FDIC-C in the United States District Court for the Northern District of California ("NDCA") (Case No. 5:23-cv-06543-BLF) (the "FDIC-C Action") and the Anticipated FDIC-R Actions, which, as Plaintiff acknowledges, must be filed in either NDCA or the United States District Court for the District of Columbia ("DDC"). Dkt. 41 at 2.

This Court should first address its subject matter jurisdiction before exercising putative jurisdiction by considering Plaintiff's request for an order staying the action. After all, the determination of subject matter jurisdiction is a threshold inquiry that should be resolved before further proceedings. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (existence of subject matter jurisdiction is a threshold question that a court must address before considering a case's merits); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) ("Without jurisdiction a court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to a court is of announcing the fact and dismissing the case."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Notwithstanding the foregoing, Plaintiff instead asks this Court to enter an order staying this action in order to await determinations concerning *this* Court's jurisdiction from *other* courts. Specifically, Plaintiff has asked the NDCA in the FDIC-C Action, and has indicated it will ask the NDCA and/or the DDC in the Anticipated FDIC-R Actions, to effectively determine whether this Court has jurisdiction over the claims asserted in the Complaint.[7] These requests are contrary to the well-settled principle of law that "federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737, 742 (1995).

Plaintiff also ignores that a court lacks the power to "stay an action over which it lacks subject-matter jurisdiction." *Lis v. Philips N.V.*, 2023 U.S. Dist. LEXIS 194561, *11 (W.D.N.Y. Oct. 30, 2023) (denying a motion to stay for lack of subject matter jurisdiction after remanding the case to state court) (quoting *Lalima v. Johnson & Johnson*, 2019 U.S. Dist. LEXIS 96899, *7 n.8 (N.D.N.Y. May 24, 2019)); *see also Protostorm, Inc. v. Foley & Lardner LLP*, 2019 U.S. Dist. LEXIS 147662, *19 (E.D.N.Y. Aug. 29, 2019) (refusing to address the parties' competing motions to stay because the court lacked subject matter jurisdiction); *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012) ("It is unnecessary for the Court to reach the issue of whether the Debtor has satisfied the standard for the Court to issue a stay pending appeal because it lacks jurisdiction.").

Section 1821(f) and section 1821(d) plainly apply and preclude this Court's jurisdiction. Moreover, Plaintiff has re-asserted the very same, entirely duplicative claims in the

---

[7] *See* Complaint, NDCA Dkt. 1 ¶ 110 (Count I asking NDCA to declare that "the uninsured Account Funds are not subject to section 1821(f)"); *see also* Jan. 15 Letter at 2-3 ("…if it is determined that Plaintiff was not required to file an administrative claim under either §§ 1821(d) or (f) against the FDIC-Rs or FDIC-C, respectively, then Plaintiff will have the right to pursue its claims for turnover, violations of the automatic stay and declaratory relief against such defendant in this action.").

FDIC-C Action[8] and undoubtedly will re-assert them in the Anticipated FDIC-R Actions, presumably in courts that possess jurisdiction. Independent of jurisdictional concerns (which compel dismissal), the very same claims should not be pending in two (and, potentially, three) separate courts.

Plaintiff should dismiss this action voluntarily. Absent voluntary dismissal, the Court should proceed as planned and consider and resolve the longstanding motions to dismiss for lack of subject matter jurisdiction, which have already been scheduled for presentment on February 8, 2024.[9]

Respectfully submitted,

Benjamin I. Finestone
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, New York, 10010
Telephone: (212) 849-7341
benjaminfinestone@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

-and-

Kurt F. Gwynne
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
kgwynn@reedsmith.com

---

[8] *Compare* Complaint, NDCA Dkt. 1 Count II (Turnover of the Account Funds) and Count III (Violation of the Automatic Stay) *with* Complaint, AP Dkt.1 Counts I and II (Turnover of the Account Funds) and Count III (Violation of the Automatic Stay).

[9] Plaintiff makes other legally deficient assertions regarding, among other things, defensive setoff and the bankruptcy claims allowance process. Those matters are addressed in FDIC-R1's briefing on the motion to dismiss and will not be rehashed in this response.

*Counsel to the Federal Deposit Insurance Corporation (in its capacity as receiver for Silicon Valley Bank)*

- and-

Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 227-0700
pcollins@farrellfritz.com

*Counsel to the Federal Deposit Insurance Corporation (in its capacity as receiver for Silicon Valley Bridge Bank, N.A.)*


cc:    All counsel of record (via ECF)