

Reed Smith LLP
599 Lexington Avenue
22nd Floor
New York, NY  10022
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Kurt F. Gwynne**
Direct Phone: +1 302 778 7550
Email: kgwynne@reedsmith.com

March 10, 2024

**By E-File and Courtesy Copy via e-mail**

The Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY  10007
CronanNYSDChambers@nysd.uscourts.gov

RE:   *In re SVB Financial Group v. Federal Deposit Insurance Corporation*, **United States District Court for the Southern District of New York, Case No. 1:23-cv-07218-JPC**

*Motion of the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, for an Order Dismissing All Counts Against Such Receiver Under Fed. R. Civ. P. 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure*

Related to:  *In re SVB Financial Group,* United States Bankruptcy Court for the Southern District of New York, Chapter 11, Case No. 23-10367 (MG)

Related to: *SVB Financial Group v. Federal Deposit Insurance Corporation, in its corporate capacity, and Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*, United States Bankruptcy Court for the Southern District of New York, Adversary Case No. 23-01137 (MG) (the "Adversary Proceeding")

Dear Judge Cronan:

    The Federal Deposit Insurance Corporation in its capacity as receiver for Silicon Valley Bank ("FDIC-R1") and joined by the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC-C") and the Federal Deposit Insurance Corporation in its capacity as receiver for Silicon Valley Bridge Bank, N.A. ("FDIC-R2" and, together with FDIC-C and FDIC-R1, "Defendants"), write in response to the Court's Docket Directive of January 25, 2024 (Dkt. 43)[1] to provide the Court an update "on any other material developments in this matter, including, no later than March 10, 2024, an update on related litigation."  FDIC-R1 and FDIC-R2 supplement the previous status report provided by the Defendants on January 18, 2024 [Dkt 42] (the "Original Submission") concerning the Plaintiff's, SVB Financial Group ("SVBFG"), commencement of a duplicative action against the FDIC-C in the United States District Court for the Northern District of California ("NDCA") (Case No. 5:23-cv-06543-BLF) (the "FDIC-C Action") and, now a duplicative action against the FDIC-R-1 and FDIC-R2 in the NDCA (Case No. 24-cv-01321-VKD) (the "FDIC-R Action", and together with the FDIC-C Action, the "NDCA Actions"). The

---

[1]   References to "Dkt." are to this Court's docket for 23 Civ. 7218.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

07288-00007/14771278.1

ReedSmith

The Honorable John P. Cronan
March 10, 2024
Page 2

Defendants understand that SVBFG requests that the Court extend the "stay" in this action for an additional 180 days. Defendants oppose the requested stay.

      For the reasons articulated in the Original Submission, there are substantial jurisdictional concerns with this Action which preclude further proceedings here, including entry of an order staying the Action. (See Original Submission pg. 2). *See, e.g., Lis v. Philips N.V.*, 2023 U.S. Dist. LEXIS 194561, *11 (W.D.N.Y. Oct. 30, 2023) (a court lacks the power to "stay an action over which it lacks subject-matter jurisdiction") (quoting *Lalima v. Johnson & Johnson*, 2019 U.S. Dist. LEXIS 96899, *17 n.8 (N.D.N.Y. May 24, 2019)); *see also Protostorm, Inc. v. Foley & Lardner LLP*, 2019 U.S. Dist. LEXIS 147662, *19 (E.D.N.Y. Aug. 29, 2019) (refusing to address the parties' competing motions to stay because the court lacked subject matter jurisdiction); *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012) ("It is unnecessary for the Court to reach the issue of whether the Debtor has satisfied the standard for the Court to issue a stay pending appeal because it lacks jurisdiction.").

      Moreover, now that SVBFG has proceeded in the NDCA Actions (which is the only proper jurisdictional forum for the SVBFG to present their claims against the FDIC-C and one of only two proper jurisdictional fora to present their claims against FDIC-R-1 and FDIC-R2) there is even greater cause for dismissal of this Action. SVBFG should not be permitted to litter two separate federal courts, with three actions asserting *all* of the claims asserted in the Adversary Proceeding.

      SVBFG should dismiss this action voluntarily. Absent voluntary dismissal, the Court should proceed and consider and resolve the motions to dismiss for lack of subject matter jurisdiction.[2] As the Motions are fully briefed, Defendants respectfully request that the Court schedule oral argument on the Motions (and all related responses/replies thereto) at the Court's earliest convenience.

Respectfully Submitted,

REED SMITH LLP

*/s/ Kurt F. Gwynne*
Kurt F. Gwynne, Esq.
Casey D. Laffey, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
E-mail: kgwynne@reedsmith.com
E-mail: claffey@reedsmith.com

-and-

Benjamin I. Finestone

---

[2] SVBFG makes other legally deficient assertions regarding, among other things, defensive setoff and the bankruptcy claims allowance process. Those matters are addressed in FDIC-R1's briefing on the motion to dismiss and will not be rehashed in this response.

The Honorable John P. Cronan
March 10, 2024
Page 3

ReedSmith

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, New York, 10010
Telephone: (212) 849-7341
benjaminfinestone@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

- and-

Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 227-0700
pcollins@farrellfritz.com

*Counsel to the Federal Deposit Insurance Corporation (in its capacity as receiver for Silicon Valley Bridge Bank, N.A.)*